IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MARK D. PECKHAM, d/b/a
ABC Tree Service Plus,

        Plaintiff,

v.

DAVE DANIEL, Sheriff, Josephine
County, Oregon; CHIEF LANDISS,
Grants Pass City Police Chief,

        Defendants.

Case No. 1:21-cv-01640-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

Plaintiff Mark D. Peckham, a self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against Defendants Dave Daniel, the Sheriff of Josephine County, and the Chief of the Grants Pass City Police. For the reasons stated below, Plaintiff's complaint (#2) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days of this Order. Plaintiff's IFP application (#1) and motion for appointment of counsel (#4) are held in abeyance and will be reconsidered upon the filing of an amended complaint.

Page 1 -- OPINION AND ORDER

## LEGAL STANDARD

Generally, all parties instituting a civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Regarding the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

### I. The Complaint is dismissed for failure to state a claim.

Plaintiff has completed the paperwork provided by the Court titled "Complaint for a Civil Case." According to the form, Plaintiff intends to bring suit against "Dave Daniel," the Sheriff of Josephine County, Oregon, and "Chief Landiss," the Chief of the Grants Pass City Police for being falsely arrested.[1]

Unfortunately, Plaintiff fails to state a claim or request relief that is within the Court's authority to grant. For starters, Plaintiff's narrative overview of the case is confusing and too vague to make out a claim against either defendant. Plaintiff invokes this Court's jurisdiction because Defendants allegedly deprived him of his First Amendment rights to freedom of religion and speech, his Second Amendment right to bear arms, and his Sixth Amendment rights to "witnesses for trial" and "impartial jury." Compl. at 1 [ECF No. 2]. But the Complaint is short on facts to back up these claims. At its most relevant,[2] the Complaint alleges that Plaintiff was

---

[1] Plaintiff lists these individuals as the Defendants in part B of the Court's "Complaint for a Civil Case" form. *See* Compl. at 2 [ECF No. 2]. The Court assumes he intends to sue these two Defendants in their individual capacities. To the extent Plaintiff elsewhere names the "Jo. Co. Sheriff's Dept." and "Grants Pass City Police" as Defendants, the Court would dismiss claims against these organizations as barred by the Eleventh Amendment. *Will v. Dep't of State Police*, 491 U.S. 58, 66 (1989).

[2] As an aside, Plaintiff also mentions that the "FBI told me they know about corruption in Jo. Co.," and that he has "filed complaints with the department of public standards...that led to many police and D.A.s

"incarcerated for being a felon in possession when I had no felonies." Compl. at 4 [ECF No. 2]. Elsewhere, in the "amount in controversy" section, Plaintiff references "false arrests" but does not say whether either defendant arrested him, when he was arrested, where he was incarcerated, or for how long. Other than using the words "false arrest," plaintiff does not articulate any facts that help point this Court to the basis for a federal civil rights claim. Plaintiff seeks six million dollars for these false arrests based on the loss of "justice and freedom" and harm to his public reputation. *Id.* Plaintiff's claims, which this Court can only suppose are for deprivation of his constitutional rights based on a "false arrest," are dismissed for two reasons.

First, to the extent Plaintiff seeks money damages against these individual defendants, Plaintiff's claims appear to challenge the legality of a past state court conviction and are therefore barred absent a showing that that conviction has been set aside. To state a claim for false arrest under § 1983, a plaintiff must show that he was arrested without probable cause or other justification. *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001); The Ninth Circuit has held a plaintiff's claim for wrongful arrest is barred when the plaintiff is unable to show both that her conviction is not inconsistent with such a claim and that the conviction was overturned or reversed on appeal. *See, e.g., Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (holding *Heck v. Humphrey*, 512 U.S. 477 (1994) barred the plaintiff's claims under § 1983 for wrongful arrest because success "would necessarily imply the invalidity of his two convictions for possession of narcotics."). Here, assuming plaintiff bases his claims on arrests defendants made that led to unlawful incarceration, plaintiff must first show that his conviction was overturned or reversed. Because he does not, his "false arrest" claims are barred by *Heck*.

---

resigning or being fired." Compl. at 4 [ECF No. 2]. It is not clear how these allegations relate to Plaintiff's supposedly infringed constitutional rights, or his claims of "false arrest."

Second, even if Plaintiff's claims were not barred, the allegations in this complaint do not come close to stating a claim against either defendant. To state a claim under 42 U.S.C. § 1983—as the Court assumes plaintiff does—a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020). Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). "A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012). Because Plaintiff provides no factual allegations explaining how either defendant caused the deprivation of his constitutional rights other than claiming his arrests were "false," and because a claim to redress state court convictions must be pursued in state court, Plaintiff does not state any factual allegations that amount to a cognizable claim for relief against these defendants under federal pleading standards.

## CONCLUSION

For the reasons set forth above, the Complaint (#2) is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time may result in the entry of a judgment of dismissal. Should Plaintiff choose to amend his complaint, the

Court would encourage him to consult the Court's Guide for Self-Represented parties[3] and fill out his paperwork accordingly. Plaintiff's IFP application (#1) and motion for appointment of counsel (#4) are held in abeyance and will be reconsidered upon the filing of an amended complaint.

It is so ORDERED and DATED this __10__ day of December, 2021.

_____
MARK D. CLARKE
United States Magistrate Judge

---

[3] For more guidance on how to properly state a claim and file a complaint, Plaintiff may consult the Court's "Guide for Self-Representation," which can be found at the District of Oregon's public website <www.ord.uscourts.gov> under the tab entitled, "Information about representing yourself."